**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GOGGIN,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES MIKE WILLIAMS, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  3:25-cv-01873-RBM-DEB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [Doc. 2];**<br><br>**(2) DISMISSING COMPLAINT ON SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) [Doc. 1];**<br><br>**(3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT [Doc. 3]; AND**<br><br>**(4) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. 4]** |

　　　On July 23, 2025, Plaintiff Michael Goggin ("Plaintiff"), proceeding *pro se*, filed a Complaint against several individuals and government agencies alleging that he has "been subjected to ongoing targeted harassment, surveillance, and deprivation of liberty."  (Doc. 1 at 2.)  At the time of filing, Plaintiff did not prepay the civil filing fees 28 U.S.C. § 1914(a)

requires.  Instead, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) ("IFP Motion").  (Doc. 2.)  Plaintiff also filed a Request for Appointment of Counsel ("Motion to Appoint Counsel") (Doc. 3) and a Motion for Temporary Restraining Order ("TRO Motion") (Doc. 4).

For the reasons discussed below, the Court **DENIES** Plaintiff's IFP Motion (Doc. 2) and **DISMISSES** the Complaint (Doc. 1) without leave to amend.  Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 3) and TRO Motion (Doc. 4) are **DENIED AS MOOT**.

### I.     MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a District Court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  A court may authorize the commencement of a suit without prepayment of the filing fee if the plaintiff submits a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a).  The facts of an affidavit of poverty must be stated "with some particularity, definiteness, and certainty."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). The determination of indigency falls within the district court's discretion.  *Cal. Men's Colony, Unit II Men's Advisory Council v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) ("[§] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed IFP, but he

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee.  *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc.  Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $55 administrative fee does not apply to persons granted leave to proceed in forma pauperis ("IFP").  *Id.*

1  must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S.
2  331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "[a]n affidavit in
3  support of an IFP [motion] is sufficient where it alleges that the affiant cannot pay the court
4  costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citing *Adkins*,
5  335 U.S. at 339); *see also McQuade*, 647 F.2d at 940 (an adequate affidavit should state
6  supporting facts "with some particularity, definiteness and certainty"). No exact formula
7  is "set forth by statute, regulation, or case law to determine when someone is poor enough
8  to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP
9  requests on a case-by-case basis. *See id*. at 1235–36 (declining to implement a general
10 benchmark of "twenty percent of monthly household income"); *see also Cal. Men's
11 Colony*, 939 F.2d at 858 (requiring that district courts evaluate indigency based upon
12 available facts and by exercise of their "sound discretion") (citation omitted).

13  In his IFP Motion, Plaintiff lists $5,298 as his monthly income from employment,
14 self-employment, and public assistance. (Doc. 2 at 1–2.) Plaintiff is not owed any money
15 and does not have any dependents who rely on him for financial support. (*Id*. at 3.) He
16 has $150 in a checking account with the financial institution One Pay and owns two
17 vehicles worth $20,000 and $5,000. (*Id*. at 2–3.) Plaintiff's estimated monthly expenses
18 are $1,690 and include: $50 on utilities, $40 on home maintenance, $500 on food, $200 on
19 clothing, $100 on laundry and dry cleaning, and $800 on transportation. (*Id*. at 4.)

20  Plaintiff appears to have sufficient funds to pay the filing fee. In assessing whether
21 a certain income level meets the poverty threshold under § 1915(a)(1), one of the sources
22 courts may look to is the federal poverty guidelines developed each year by the Department
23 of Health and Human Services. *See, e.g.*, *Kristine E. v. O'Malley*, No. 24-CV-1182-GPC
24 (MMP), 2024 WL 4442013, at *1 (S.D. Cal. Sept. 9, 2024). Based on his affidavit of
25 assets, Plaintiff has an annual household gross income of $63,576 which is considerably
26 higher than the 2025 federal poverty guideline for a household of one person ($15,650).
27 *See* 2025 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited October
28 22, 2025). Even considering monthly expenses, Plaintiff's gross monthly income ($5,298)

still significantly exceeds his combined expenses ($1,690).  (Doc. 2 at 1, 4–5.)  *See Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (noting that courts should not grant IFP to an applicant who is "financially able, in whole or in material part, to pull his own oar"); *see also Alvarez v. Berryhill*, No. 18-cv-2133 W (BGS), 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (noting that courts often reject IFP applications when applicants "can pay the filing fee with acceptable sacrifice to other expenses").  Plaintiff therefore fails to establish that he qualifies to proceed IFP.  *See Escobedo*, 787 F.3d at 1234.  Accordingly, Plaintiff's IFP Motion (Doc. 2) is **DENIED**.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

A complaint filed by any person proceeding IFP is subject to mandatory screening and dismissal by the Court if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir.2012)).

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citation omitted).  The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolous claims whose "factual contentions are clearly baseless" include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 327–328) (cleaned up).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton*, 504 U.S. at 33.  When determining whether to dismiss a complaint as

"frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Id*. at 32.

Having reviewed the allegations in Plaintiff's Complaint, the Court concludes that his allegations are factually frivolous and do not state a plausible claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Plaintiff brings the instant action under 42 U.S.C. § 1983 for alleged violations of his First, Fourth, and Fourteenth Amendment rights. (Doc. 1 at 2.) Plaintiff represents his belief that he "was wrongfully placed on a government or corporate watchlist, which led to the misuse of AVL (Automatic Vehicle Location) systems to track both of [his] vehicles without consent." (*Id*.) Plaintiff alleges that since November 2024, he has experienced "routine breaking and entering, vehicle tampering, stalking, surveillance through unauthorized apps, [ ] direct energy weapon targeting," and "psychological abuse also known as gaslighting tactics committed by individuals known to [him], including family members." (*Id*. (cleaned up).) He further alleges that his "phone, finances, and private communications have been remotely accessed or controlled without his permission." (*Id*.)

However, Plaintiff's factual allegations are based on mere speculation that he was at some point placed on an unspecified watchlist for unknown reasons. (*See* Doc. 1 at 2.) The Complaint is further replete with ideations of government agencies, entities, and individuals, including his family members, surveilling Plaintiff and attempting to psychologically abuse him. "No matter how sincerely believed by Plaintiff, these allegations are simply too fantastic to warrant the expenditure of further judicial and private resources." *Meyer v. World Bank*, No. 3:19-cv-00017-GPC (JLB), 2019 WL 2009873, at *3 (S.D. Cal. May 7, 2019) (citation omitted). The Court therefore finds Plaintiff's factual allegations are frivolous because they "rise to the level of irrational or the wholly incredible." *Denton*, 504 U.S. at 33; *see Waldrop v. Dep't of Corr.*, No. CIV S-06-1260 DFL EFB P., 2006 WL 2926754, at *1–2 (E.D. Cal. Oct. 11, 2006) (dismissing as frivolous claims that prison placed radio transmitters in plaintiff's ears and used satellite

transmissions to monitor him as an experiment for a website because they "describ[ed] fantastic or delusional scenarios."); *Adams v. FBI*, No. C 06–07321 CRB, 2007 WL 627912, at *1–2 (N.D. Cal. Feb. 26, 2007) (finding allegations described a "delusional portrait of extreme persecution" where the plaintiff alleged she was monitored through hidden cameras in her home and had her blood drawn while rendered unconscious with a chemical substance); *Athans v. Starbucks Coffee Co.*, No. CV-06-1841-PHX-DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007) (dismissing as frivolous *pro se* litigant's complaint alleging a conspiracy of "illegal surveillance, undercover 'sting' operations, and [the] unlawful 'doping' of [Starbucks] beverages.").

      As Plaintiff's allegations are based on mere speculation, he also fails to present a claim for which relief can be granted pursuant to § 1983. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). While the Court must accept Plaintiff's factual allegations as true, it is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Additionally, Plaintiff does not state the alleged conduct was committed by a person acting under color of state law or explain how such conduct deprived him of his constitutional rights, as required to state a claim under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint therefore requires dismissal on this additional basis.

      Accordingly, the Complaint is **<u>DISMISSED</u>** pursuant to 28 U.S.C. § 1915(e)(2) without leave to amend. *See Sandoval v. Castillo*, No. 08-cv-1622-WQH-NLS, 2008 WL 4790521, at *1 (S.D. Cal. Nov. 3, 2008) ("Plaintiff's allegations are fanciful and delusional and 'it is absolutely clear that the deficiencies of the complaint could not be cured by

amendment.'") (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Lopez*, 203 F.3d at 1127 n.8 ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

### III.  TRO MOTION

Plaintiff filed a TRO Motion seeking an order "prohibiting Mr. James Williams [or his] agents" from engaging in: (1) "further harassment, intimidation, surveillance, or contact" with Plaintiff; and (2) "stalking[] or use of any direct energy weapons and surveillance technology against Plaintiff." (Doc. 4 at 2–3.)[2] As a preliminary matter, the TRO Application has been rendered moot because Plaintiff's request to proceed IFP was denied and the Complaint has been dismissed. *See Jones v. Fed. Corr. Ctr. Med. Dep't*, No. 20-CV-1385 JLS (BLM), 2020 WL 6942519, at *4 (S.D. Cal. Nov. 25, 2020) (denying prisoner's IFP motion and denying the TRO motion as moot); *Olajide v. Brown*, Case No. 18-cv-03991-CRB, 2018 WL 3328227, at *3 (N.D. Cal. July 6, 2018) (dismissing the complaint and denying the TRO motion as moot). The Court nonetheless addresses the TRO Motion and finds it must be denied on the merits.

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO"). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). To obtain a TRO or a preliminary injunction, Plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction is in the public interest." *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013) (quoting *Winter*, 555 U.S. at 20 (the "*Winter* factors")); *see Stuhlbarg Int'l Sales Co. v. John D.*

---

[2] Plaintiff's TRO Motion is largely incomprehensible. However, the Court was able to ascertain Plaintiff's statements that are referenced in this Order.

*Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting the standards for a TRO and a preliminary injunction are identical). The "[l]ikelihood of success on the merits 'is the most important' *Winter* factor[.]" *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)).

For the reasons set forth above, Plaintiff's Complaint is subject to dismissal. As such, Plaintiff has necessarily failed to show a likelihood of success on the merits of his claims, or even a "serious question" as to his claims, to justify preliminary injunctive relief. *See Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.") (cleaned up). Where, as here, the moving party fails to meet his burden on the threshold inquiry of likelihood of success on the merits, "the court need not consider the other factors[ ] in the absence of serious questions going to the merits." *Disney Enters.*, 869 F.3d at 856 (cleaned up).[3] Accordingly, the Court finds the TRO Motion (Doc. 4) must be **DENIED**.

## IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's IFP Motion (Doc. 2) is **DENIED**.
2. The Complaint (Doc. 1) is **DISMISSED without leave to amend**.
3. As Plaintiff's Complaint has been dismissed, Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED as moot**.
4. Plaintiff's TRO Motion (Doc. 4) is **DENIED as moot**.
5. The Court **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977)

---

[3] The Court further notes that Plaintiff did not certify in writing any efforts he made to give notice to the adverse parties or provide reasons otherwise supporting that notice should not be required, as required under Federal Rule of Civil Procedure 65(b)(1)(B).

(noting an indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

6. The Clerk of the Court is **DIRECTED** to close the file.

**IT IS SO ORDERED**.

DATE: October 30, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE